MAYOR OF NEWPORT *v.* BOARD OF EDUCATION.

[Abstract Kentucky Law Reporter, Vol. 7—166.]

**Writ of Mandate Can Not Be Used to Control the Discretion Lodged in the City Council.**

Where the Legislature have authorized the Board of Councilmen of Newport to levy a tax to build and repair school houses, if, at an election, a majority of the voters of the city are in favor of doing so, and a majority do vote therefor, and the act gives the board discretion to make the levy or not, such board can not by mandate of the court be compelled to make the levy, for the mere discretion of public officers can not be controlled by the court's mandate.

## APPEAL FROM CAMPBELL CIRCUIT COURT.

May 28, 1885.

OPINION BY JUDGE PRYOR:

By legislative enactment the board of councilmen of the city of Newport was authorized to levy an annual tax of five cents on the hundred dollars on the taxable property of the city, in addition to the taxes already imposed; the tax to be used (five cents) for the sole and only purpose of building new and improving old school houses in the city, and furnishing and refurnishing the same. The tax, when collected, to be paid to the board of education to be applied by that board as directed by the provisions of the act. Before the law could be enforced, the vote of a majority of the voters in the city was required to sanction or approve it, and at the next general election, this vote was taken and resulted in a majority favoring the tax.

The fourth section of the act, provided: "that the said tax shall not be levied, nor bonds issued, as authorized by the act, unless the board of councilmen of the city shall concur therein." The construction of this fourth section by the board of councilmen originated the litigation below, and is the subject-matter of controversy here.

The board refused to levy the tax, and this proceeding by mandamus is to compel the levy.

The tax was required to be levied annually, from the year 1883 to the year 1893, with the right on the part of the board of education to anticipate the collection of this tax by issuing bonds to raise the money—the bonds to bear date January 1, 1886. By the provisions of the fourth section, these bonds could not be issued, and certainly no levy made, without the concurrence or action on the part of the general council.

While the prime object in view was to increase the educational advantages of the city, by erecting additional school buildings and improving the old ones, as the finances of the city were under the control of the city council, a discretion was left to them in the imposition of this tax and the issual of the bonds, to be controlled doubtless by their knowledge of the financial condition of the city, and the necessity for the improvements. A much less sum than the amount of tax authorized to be imposed, might have been sufficient

for the purposes contemplated in the act, or in their opinion it might be inexpedient to issue the bonds; and so the legislature not only required the approval of the law by a majority vote, but also required the approval of the council, not of the law only, but they were invested with the power to refuse to make the levy, if deemed by them inexpedient to do so.  They may have favored the law, and even voted for it at the general election; still, when they come to consider the question as to the levy of this tax, they had the right to withhold the exercise of such a power.  While the tax if levied and collected prior to 1886, when the bonds are to be issued, may be applied by the board of education before that date, still the exercise of this discretionary power by the city fathers, may result in having no tax imposed, however great the necessity for such action in the opinion of the board of education.

A motion was made while the general council was in session, by one of its members, to the effect, "that the board of education be allowed the five cents additional levy asked for."  A substitute to this motion was offered and carried to the effect, "that the board of councilmen guarantee to the board of education the five cents additional levy asked for," and carried by a majority vote.  No levy, however, was imposed, and it was simply a suggestion or promise by the council, that when the time arrived for making the levy they would include the five cents additional tax.

The concurrence of the council means nothing more or less than the imposition of the tax, and such was the manifest intention of the legislature.  The city legislature may, in looking to the financial condition of the municipality have concluded that it was imposing too great a burden on the taxpayer at the particular time, and that subsequent events would transpire enabling the tax to be imposed without increasing the burden then resting on the city.  The council refused to say that they would levy a tax as required by the board of education, but evidently intended at some future time to make the levy.  This was the only effect of the guarantee substitute, relied on by counsel for appellee, and for an abuse of discretion, or where it has been exercised in good faith by the general council, whether for or against the interests of the city, the chancellor will not interfere, because the legislature has seen proper to confide the enforcement of this law to the judgment of those who are not

only identified with, but control the financial affairs of the city government. The exercise of that discretion must control.

The judgment below is therefore *reversed,* and remanded with directions to dismiss the petition.

Judgment *reversed.*

*Chas. J. Helm, for appellant.*

*John S. Ducker, for appellee.*